**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ATLANTIC MUTUAL INSURANCE )
COMPANY, a New York corporation, and )
THE CENTENNIAL INSURANCE )
COMPANY, a New York corporation, )
     )
          Plaintiffs, )
     )   Case No. CIV-09-588-D
vs. )
     )
STEPHEN B. BROWNE COMPANY, an )
Oklahoma corporation; AABC BOTTLING )
CORPORATION, formerly known as All )
American Bottling Corporation, a Delaware )
corporation; ALL AMERICAN BOTTLING )
CORPORATION, L. L. C., an Oklahoma )
limited liability company; ALL AMERICAN )
BOTTLING FINANCIAL CORPORATION, )
a Delaware corporation; and BROWNE )
BOTTLING WERKS, L. L. C., an Oklahoma )
limited liability company, )
     )
          Defendants. )

## <u>ORDER</u>

Before the Court is the Plaintiffs' Motion to Dismiss Certain Counterclaims asserted by All

American Bottling  Corporation, L. L. C. ("All American").  [Doc. No. 28].  All American timely

responded to the Motion.

Plaintiffs brought this action to recover insurance premiums allegedly due and owing by the

defendants.  Seeking a declaratory judgment and damages for breach of an insurance contract,

Plaintiffs allege that all defendants are jointly and severally liable for the unpaid premiums.  In its

counterclaims, All American alleges that Plaintiffs are liable to it for fraud, breach of fiduciary duty,

breach of contract, and breach of the insurer's duty of good faith and fair dealing to its insured.

Plaintiffs' motion seeks dismissal only of the counterclaims asserting fraud and breach of

fiduciary duty.  Plaintiffs argue that All American has failed to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  They contend All American's allegations of breach of fiduciary duty must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that those allegations are insufficient to state a claim upon which relief may be granted.

Standards governing fraud allegations:

As Plaintiffs argue, fraud allegations  are governed by the pleading requirements of Rule 9(b), which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind  may be alleged generally.

Fed. R. Civ. P. 9(b).    The Rule applies to allegations in a counterclaim as well as a complaint.  *See San Juan Products, Inc. v. San Juan Pools of Kansas, Inc.,* 849 F.2d 468, 472 (10th Cir. 1988).

According to the Tenth Circuit, to satisfy Rule 9(b), claims alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Tal v. Hogan,* 453 F.3d 1244, 1263 (10th Cir.2006) (internal quotation marks omitted), *cert. denied*, 549 U.S. 1209 (2007).  To determine if factual allegations satisfy Rule 9(b), the Court reviews only the allegations in the counterclaim, and it may not consider matters outside the pleadings.  *Id.*; *Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986).

Application:

In this case, All American's counterclaim alleges that Plaintiffs made specific promises designed to induce All American into executing contracts for insurance and for insurance claim

processing; the counterclaim lists nine specific promises allegedly made by Plaintiffs. *See* Counterclaim [Doc. No. 26], ¶ 2 (a) through (i). All American alleges that, in reliance on these nine promises or representations, it entered into contracts with Plaintiffs for insurance and claim handling. The final specific alleged promise was Plaintiffs' agreement to adhere to All American's claim handling instructions, allegedly including "notifying and seeking the agreement" of All American and/or its broker "on any claim reserves that equals or exceeds $10,000.00 and subsequent increases that would cause the claim to equal or exceed $10,000.00." *Id.*, ¶ 2(i)(1). Additionally, the counterclaim alleges the Plaintiffs agreed to adhere to All American's claim handling instruction that Plaintiffs would "not make any payments of $5,000.00 or more without the express approval" of All American and/or its broker. Counterclaim, ¶ 2(i)(2).

All American alleges it executed the contracts in reliance on the representations set forth in paragraph 2 of the Counterclaim and that Plaintiffs made those representations for the purpose of inducing it to enter into the contracts. *Id.* at ¶¶ 3and 4. It then alleges that, contrary to their alleged promise, Plaintiffs subsequently failed and refused to follow All American's instructions regarding claim handling, despite repeated requests and demands; All American alleges the Plaintiffs made the representations knowing they were false or with a reckless disregard for the truth. Counterclaim, ¶¶ 5 and 6.

In the allegations labeled "Fraud," All American incorporates by reference the allegations in paragraphs 1 through 6 of the Counterclaim; it then adds more specific allegation regarding the manner in which the alleged promises were made. It specifically alleges that Plaintiffs made the promises in paragraph 2 "by and through their authorized representatives" at annual November meetings at the offices of the broker, Willis Corporation, during the period of 1999 through 2005.

Counterclaim, ¶ 8. All American alleges Plaintiffs made the alleged promises with knowledge of their falsity, that they did so with the specific intent to induce All American to execute the contracts, and that Plaintiffs knew All American relied on their allegedly false promises. Counterclaim, ¶¶ 9 through 12. Finally, All American alleges that it suffered damages exceeding $250,000.00 as a result of the alleged fraudulent conduct. *Id.* at ¶ 13,

Plaintiffs argue these allegations fail to satisfy the particularity requirements of Rule 9(b) because they are conclusory and lack the factual basis required to satisfy the Rule. They also contend the claim is deficient because it does not identify Plaintiffs' "authorized representatives" who allegedly made the promises. Plaintiffs further argue that All American has failed to allege with sufficient detail the dates of the meetings at which the promises were purportedly made, contending that the six-year period identified in the counterclaim is too broad to satisfy Rule 9(b).

In response, All American contends its allegations are sufficiently specific to satisfy the Rule. However, it adds that, if the names of the representatives and the specific dates of the meetings or other details must be included, it will provide those details in an amended counterclaim. It requests leave to file an amended counterclaim for this purpose, if the Court deems its current allegations inadequate.

The purpose of Rule 9(b) is to provide the opposing party "fair notice" of the claims "and the factual ground" upon which those claims are based. *Koch v. Koch Industries, Inc.*, 203 F. 3d 1202, 1236 (10th Cir. 2000). The Court finds that, with the exception of the identity of Plaintiffs' representatives who made the alleged false statements, All American's allegations are more than adequate to provide Plaintiffs with fair notice of the claims and the factual basis upon which those claims are based. The specific alleged promises are described in detail, as are the circumstances in

which those promises were made. Contrary to Plaintiffs' contention, the Counterclaim is not based on conclusory allegations; it contains specific factual contentions.

The Court also finds that the dates on which the promises were allegedly made and the location at which they were made is sufficiently clear to provide the requisite notice to Plaintiffs. It is alleged that the parties met annually in November to renew the contracts, that the meetings took place at the office of the broker, Willis Corporation, and that the meetings were attended by Plaintiffs' representatives and All American. Plaintiffs obviously have knowledge of the dates of these meetings, as the meetings led to the execution of the contracts at issue, and their own records should provide additional detail.

The Court agrees, however, that the identity of the persons making the representations should be alleged in accordance with the Tenth Circuit's Rule 9(b) pleading requirements. *See Tal,* 453 F. 3d at 1263. While Plaintiffs undoubtedly know the identities of their own representatives, it is not clear from the allegations whether All American contends that one individual is at fault or whether it contends all representatives with whom it dealt made false representations. To that extent, the motion is granted. Because All American states that it can include this information in an amended counterclaim, it will be granted leave to amend to include the identity of the representatives who made the alleged promises on which it purportedly relied.

Standards governing Rule 12(b)(6):

Plaintiffs next seek dismissal of All American's counterclaim based on a breach of fiduciary duty. Pursuant to Rule 12(b)(6), they argue the allegations are insufficient to state a claim for relief. All American argues that dismissal pursuant to Rule 12(b)(6) is proper only where the Court determines that it appears beyond doubt that the claimant can prove no set of facts which would

entitle it to relief.  Response brief, p. 1.  Although that was formerly the standard governing Rule 12(b)(6) motions, the standard has changed.  As All American argues, courts previously applied a "liberal standard" which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Robbins v. Oklahoma*, 519 F. 3d 1242, 1246 (10th Cir. 2008), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In 2007, however, the Supreme Court announced a new standard of review, and held that, to avoid dismissal pursuant to  Rule 12(b)(6), a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 570 (2007).  The Tenth Circuit has adopted that standard. *Robbins,* 519 F. 3d 1242 at 1247;  *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, the pleading party has the burden of framing the claim "'with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247.)  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 545. Thus, a claimant  must "do more than generally allege a wide swath of conduct."  *Robbins,* 519 F. 3d at 1247.  Instead, claimants must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible."  *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 547).  The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

In applying the *Twombly* standard, the Court must construe all allegations in favor of the claimant. *Robbins,* 519 F. 3d at 124. All well-pleaded allegations must be taken as true. *Id.*

<u>Application:</u>

The counterclaim alleges that, as a result of the "special business relationship" between Plaintiffs and All American, Plaintiffs had a "fiduciary responsibility" to handle All American's insurance business "in the best interest" of All American and as represented by Plaintiffs. Counterclaim, ¶ 20. All American contends that "Plaintiffs failed and refused to follow the previously agreed to claim handling instructions and the other representations, thus violating the Defendant's trust and failing in its fiduciary duty to the Defendant." *Id.* at ¶ 21.

Plaintiffs contend that the allegation of a relationship creating a fiduciary responsibility is conclusory and is not supported by factual contentions that would support a fiduciary duty on their part. Plaintiffs also note that All American has asserted a separate cause of action based on the alleged breach of an insurer's duty of good faith and that this is the only plausible claim that could be asserted. Plaintiffs do not seek dismissal of that claim.

In its response, All American argues that its contracts with Plaintiffs are not simple indemnity contracts. It argues that a part of Plaintiffs' role in the contractual relationship was to "serve as a third-party administrator evaluating and paying claims with discretionary authority," utilizing All American's funds to pay such claims. All American contends that, in that capacity, Plaintiffs were obligated to protect its interests and that the obligation created a fiduciary duty.

The parties agree that a fiduciary relationship is synonymous with a confidential relationship, and that such relationship requires some degree of confidence, trust, or superior knowledge or control. *See, e.g., Lowrance v. Patton*, 710 P. 2d 108, 112 (Okla. 1985); *Renegar v. Bruning*, 1233

P. 2d 686 (Okla. 1942).[1] To determine whether a fiduciary relationship was established, "there are several rules couched in general terms which have been adopted to serve as a guide in the determination of this question." *Lowrance*, 710 P. 2d at 111. According to these general rules:

> It is settled law that courts of equity will not set any bounds to the facts and circumstances out of which a fiduciary relationship may spring. It includes not only all legal relationships such as guardian and ward, attorney and client, principal and agent and the like, but it extends to every possible case from which a fiduciary relationship exists in fact, and in which there is confidence reposed on one side and resulting domination and influence on the other. The relationship need not be legal but it may be either moral, social, domestic or merely personal. Therefore, a fiduciary relationship which is recognized and enforced equitably does not rest on any particular legal relationship.

*Id.,* at 111 -112. Thus, "[a] fiduciary relationship springs from an attitude of trust and confidence and is based on some form of agreement, either expressed or implied, from which it can be said that the minds have met to create a mutual obligation." *Lowrance*, 710 P. 2d at 112.

Plaintiffs contend that All American has not alleged facts which could form the basis for a fiduciary relationship, arguing that its allegations are merely conclusory. They argue the contractual relationship of insurer and insured did not create a fiduciary obligation beyond the insurer's duty to act in good faith toward its insured. As Plaintiffs note, All American has asserted a separate counterclaim based on that duty, and they do not seek dismissal of that claim.

All American's cause of action entitled "Breach of Fiduciary Duty" incorporates the allegations in Paragraphs 1 through 17 of its Answer and Counterclaim. Those allegations include a specific description of the nature of the contractual relationship; All American alleges the parties' contracts required Plaintiffs to provide insurance and claims processing for All American.

---

[1]Although Plaintiffs cite to both Oklahoma and New York law, Plaintiffs agree that the two states apply the same requirements for a fiduciary relationship. Plaintiffs' brief, p. 6.

Counterclaim, ¶ 2. According to All American, Plaintiffs had the contractual obligations to "evaluate, process and pay claims." *Id.*, ¶ 8. As discussed above, All American includes specific details regarding the alleged agreement of Plaintiffs and the "features" of the parties' contracts. Counterclaim, ¶ 2.

Reviewing all allegations in the counterclaim, and construing them most favorably to All American, the Court agrees with Plaintiffs that insufficient factual contentions exist to support a counterclaim based on a breach of fiduciary duty. While the contractual relationship of the parties might support the creation of a fiduciary duty, the counterclaim allegations must do more than support a speculation that the claim exists. *Twombly*, 550 U.S. at 545. In its brief in response to the Plaintiffs' motion, All American explains its interpretation of the fiduciary relationship; however, the Court must examine only the pleadings to determine if a plausible claim for relief has been asserted. The Court finds the counterclaim, as presented, contains insufficient facts to support a plausible claim for relief based on the breach of a fiduciary duty.[2] Accordingly, the Motion is granted as to this claim.

However, the Court finds that, based on the record before it and All American's response brief, there may be factual allegations sufficient to support a claim for breach of fiduciary duty. If All American has a good faith belief that there are facts to support the existence of a fiduciary duty in addition to Plaintiffs' duty of good faith as an insurer, All American may amend its counterclaim to assert that claim.

---

[2] The counterclaim includes sufficient facts to support a plausible claim for relief based on the Plaintiffs' alleged breach of its duty of good faith as an insurer. However, All American purports to also assert the additional claim of breach of a separate fiduciary duty arising from the parties' relationship.

<u>Conclusion:</u>

For the foregoing reasons, the Motion [Doc. No. 28] is granted in part and denied in part. All American is granted leave to file an amended counterclaim to correct the pleading deficiencies noted herein.  The amended counterclaim shall be filed no later than 20 days from the date of this Order.

IT IS SO ORDERED this 26th day of February, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE